IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SONYA L. CHAPMAN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-1807-B |
| | ) | |
| FIRST CONVENIENCE NATIONAL | ) | |
| BANK, | ) | |
|     Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on January 4, 2006, this cause has been re-referred to the United States Magistrate Judge to consider Plaintiff's answers to the Magistrate Judge's questionnaire, which were received on November 30, 2005, but not docketed until December 19, 2005. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case: This is an unspecified civil action filed *pro se*.

    Parties: Plaintiff is a resident of Dallas, Texas. Defendant is First Convenience National Bank. The Court has not issued process in this case, pending preliminary screening.

    Statement of Case: Plaintiff alleges Defendant engaged in unlawful banking practices beginning on September 29, 2004, including charging improper banking fees, refusing to pay checks and other electronic payments, and ultimately closing her account. (Amended Complaint at 1). She claims Defendant was reckless and negligent in handling her account. (Id.). She requests monetary, declaratory and injunctive relief. (Id. at 1-2).

<u>Findings and Conclusions</u>: Before addressing the complaint, the court must first examine the threshold question of whether it has subject matter jurisdiction. That is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. <u>System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky</u>, 242 F.3d 322, 324 (5th Cir. 2001); <u>Moody v. Empire Life Ins. Co.</u>, 849 F.2d 902, 904 (5th Cir. 1988).

Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law or a treaty, <u>see</u> 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, <u>see</u> 28 U.S.C. § 1332.

The allegations in Plaintiff's complaint are less than clear and precise. Even when liberally construed in accordance with Plaintiffs' *pro se* status, the complaint fails to allege a federal question arising under the Constitution or federal law. The complaint, as supplemented by the answers to the questionnaire, merely alleges that Plaintiff's banking privileges, in particular her over draft protection, were denied and that she was treated without regard to her status as a consumer. (Answer to Question 1).

Absent a federal question, complete diversity of citizenship between adverse parties and at least $75,000 in controversy are required to establish subject matter jurisdiction. <u>See</u> 28 U.S.C. § 1332(a). Plaintiff cannot rely on diversity of jurisdiction. It is clear from the face of the complaint and the civil cover sheet that Plaintiff is a citizen of the State of Texas and that Defendant is a Texas Bank. Moreover, it appears that the amount in controversy does not exceed $7,000. (Amended Complaint at 1 and Answer to Question 2).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be dismissed for want of jurisdiction.

A copy of this recommendation shall be mailed to Plaintiff.

Signed this 12th day of January, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.